Filed 12/13/23  P. v. Aguilar CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFREDO DIAZ AGUILAR,<br><br>    Defendant and Appellant. | B326891<br><br>(Los Angeles County<br>Super. Ct. No. BA505745) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Alfredo Diaz Aguilar pleaded no contest to one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1] after a California Highway Patrol officer found a handgun in his waistband during a traffic stop. Aguilar also admitted he had previously been convicted of a serious and violent felony, robbery (§ 211), in 2011. Pursuant to a plea agreement, the trial court sentenced Aguilar to 32 months in state prison and imposed various fines and fees.

In this appeal, Aguilar contends the highway patrol officer violated his Fourth Amendment rights by conducting a pat-down search without reasonable suspicion that Aguilar was armed and dangerous, and that the trial court erred by denying his motion to suppress evidence of the handgun the officer found in the search. Aguilar asks that we reverse the denial of his suppression motion and remand the case to the trial court to allow him to withdraw his plea. We disagree and affirm.

## FACTUAL SUMMARY RELATED TO AGUILAR'S SUPPRESSION MOTION

At approximately 1:00 a.m. on May 25, 2022, California Highway Patrol officers responded to a report of an abandoned vehicle in one of the traffic lanes of the 710 Freeway in East Los Angeles. Officers halted freeway traffic to investigate. As the officers approached the vehicle, they found Aguilar asleep behind the wheel of his car, which was stopped in the second lane from the left on the freeway. The keys were in the ignition, the engine was running, and the car was in gear; the car was not moving

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

because Aguilar's foot was on the brake pedal.  The officers positioned a patrol car directly in front of Aguilar's car with its headlights shining on Aguilar to prevent Aguilar's car from moving forward.

Despite all this hubbub, Aguilar did not wake up until one of the officers, Sanchez, opened the car door and instructed him to get out of the vehicle.  Aguilar did so, and Sanchez handed him over to a second officer, Andy Venoza, who handcuffed Aguilar and led him toward his patrol car.  Officer Venoza noticed that Aguilar's eyes appeared red and watery, and that Aguilar was "agitated."

Ordinarily, Officer Venoza would have conducted an investigation at the scene.  But because it was too dangerous to remain in the middle of the interstate, he planned to put Aguilar in his patrol car, exit the freeway so cars stopped by the traffic break could resume travel, and investigate further from the side of the road.  Officer Venoza's car did not have a cage for transporting suspects, so pursuant to department policy, he needed to sit Aguilar next to him in the front seat of the patrol car.  Prior to transporting Aguilar, Officer Venoza conducted a preliminary pat-down search for weapons and discovered a handgun in Aguilar's waistband near his right hip.  Officer Venoza called for his partner, who took the gun away.

With Aguilar disarmed, Officer Venoza placed him in the passenger seat of the patrol car and exited the freeway.  Officer Venoza then questioned Aguilar further.  Aguilar remained agitated.  He claimed not to remember his name, and his breath smelled of alcohol.

## DISCUSSION

"In *Terry v. Ohio* (1968) 392 U.S. 1 [88 S.Ct. 1868, 20 L.Ed.2d 889] . . . , the United States Supreme Court held that there exists 'a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' [Citation.]" (*King v. State of California* (2015) 242 Cal.App.4th 265, 283.)

To conduct this kind of search, " 'The officer must be able to point to specific and articulable facts together with rational inferences therefrom which reasonably support a suspicion that the suspect is armed and dangerous.' [Citation.] '[A]n "inchoate and unparticularized suspicion or 'hunch' " is insufficient.' [Citation.]" (*People v. Pantoja* (2022) 77 Cal.App.5th 483, 489.)

When a defendant challenges the trial court's denial of a motion to suppress evidence on the ground that it was seized in an unreasonable search (§ 1538.5, subd. (a)), we review the court's factual findings for substantial evidence, but " 'we exercise our independent judgment in determining the legality of a search on the facts so found. [Citations.]' [Citation.]" (*People v. Lomax* (2010) 49 Cal.4th 530, 563.)

Aguilar does not deny that he was lawfully ordered from the car, nor does he claim that officers acted improperly in handcuffing him prior to the search. He contests only the pat-down search itself, noting that such searches of suspects in traffic

4

stops have been held to be unreasonable where the officer who conducted the search could not "point to specific and articulable facts which . . . give rise to a reasonable suspicion that the suspect is armed and dangerous." (*People v. Medina* (2003) 110 Cal.App.4th 171, 176; see also *People v. Pantoja, supra,* 77 Cal.App.5th at pp. 490-492.) Aguilar argues that Officer Venoza did not identify any such facts when he testified at the suppression hearing.

We are not persuaded. This case does not involve a typical minor traffic violation such as a broken taillight (*People v. Medina, supra,* 110 Cal.App.4th at p. 174) or license plate light (*People v. Pantoja, supra,* 77 Cal.App.5th at p. 486). Aguilar was unconscious in a car, in gear and with the motor running, stopped in the middle of a major interstate. He remained unconscious even when officers drove a patrol car to face his car nose-to-nose and shone the car's headlights at Aguilar. When he finally came to and stepped out of the car, his eyes were red and watery, and he was agitated. Officer Venoza did not know at the time what had led Aguilar to engage in this bizarre behavior, and had reason to believe "his safety or that of others was in danger." (*Terry v. Ohio, supra,* 392 U.S. at p. 27.)

Courts have "expressly declined to accept the argument that traffic violations necessarily involve less danger to officers than other types of confrontations," and noted the Fourth Amendment has never " 'require[d] that police officers take unnecessary risks in the performance of their duties.' [Citation.]" (*Pennsylvania v. Mimms* (1977) 434 U.S. 106, 110 [98 S.Ct. 330, 54 L.Ed.2d 331].) At the end of the suppression hearing, the trial court stated that the idea that an officer would transport Aguilar in the front seat of his patrol car in that condition "sit[ting] next

to [him], unhandcuffed and not patted-down is insane." Given the circumstances that led to Aguilar's detention, we agree and similarly conclude that the pat-down search was reasonable.

## DISPOSITION

The judgment of the trial court is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

6